IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH S. PYATT,

    Plaintiff,

  v.

SENTEK CORPORATION,

    Defendant.

Case No. 2:13-cv-998
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss filed by Joseph S. Pyatt (ECF No. 7), a memorandum in opposition filed by Sentek Corporation (ECF No. 11), and a reply memorandum filed by Pyatt (ECF No. 15).  The Court finds the motion not well taken.

### I.    Background

In October 2013, Plaintiff, Joseph S. Pyatt, filed the instant action against his former employer, Defendant, Sentek Corporation ("Sentek").  Pyatt asserts a claim under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201 et seq., and a claim under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code § 4111 et seq.  (ECF No. 2 ¶¶ 32-35.)  In its answer, Sentek asserts counterclaims against Pyatt for conversion and unjust enrichment.  (ECF No. 4 ¶¶ 28-44.)  Pyatt has filed a motion to dismiss these state law counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 7.)  The parties have completed briefing on the motion, which is ripe for disposition.

### II.    Discussion

1

Pyatt moves this Court to dismiss Sentek's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the party asserting jurisdiction has the burden of proving it. *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. A facial attack on subject matter jurisdiction challenges whether a party has properly alleged a basis for proper subject matter jurisdiction, and a district court must regard the allegations of that party's pleading as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In contrast, a factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and a district court may weigh the evidence in ascertaining whether jurisdiction exists. *Id.* The motion presents a facial attack on jurisdiction.

Pyatt argues that dismissal of the counterclaims is warranted because the only basis upon which Sentek relies for providing this Court with jurisdiction over these state law claims—supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)—is inapplicable because the company's permissive counterclaims fail to satisfy the standards for such jurisdiction. Specifically, Pyatt contends that because the conversion and unjust enrichment claims are permissive counterclaims that present different legal, factual, and evidentiary questions, they fall outside the scope of this Court's statutory authority to entertain state law claims.

Sentek of course disagrees. The company argues that the 1990 enactment of § 1367(a) means the permissive counterclaims do not require an independent basis for the exercise of federal jurisdiction. Sentek then asserts that its counterclaims bear a sufficient relationship to Pyatt's claims and the facts involved so that the Court should exercise supplemental jurisdiction under the broad statute.

2

Pyatt's claims are about the alleged failure to pay overtime. Sentek's counterclaims are about the purported unauthorized use by Pyatt of the company credit card for personal purchases and the unauthorized retention of uniform items. The case itself is here in the first instance because Pyatt's FLSA claim satisfies federal question jurisdiction under 28 U.S.C. § 1331. And as discussed below, Pyatt's state law claim and Sentek's state law counterclaims are then properly before this Court under § 1367(a) supplemental jurisdiction.

Section 1367 provides in relevant part that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Construing this statute, another judicial officer in this Circuit has recognized that every federal appellate court to consider the issue since 2000 has concluded that "a district court's jurisdiction over a counterclaim no longer depends on whether the counterclaim arises from the 'same transaction or occurrence' as the principal claim. Rather, the test is whether the claims are so related 'that they form part of the same case or controversy under Article III' of the Constitution." *Swartwout v. Edgewater Grill, LLC*, No. 1:12-cv-130, 2012 WL 2457868, at *3 (W.D. Mich. June 27, 2012) (quoting 28 U.S.C. § 1367(a)).

Under this contemporary analysis, there is no requirement that the counterclaim be compulsory to fall within the scope of § 1367(a); rather, the test is simply whether a counterclaim is sufficiently related so as to be part of the same case or controversy. *See id.* ("This test requires only a 'loose factual connection' between the claims." (quoting *Blakely v. United States*, 276 F.3d 853, 862 (6th Cir. 2002))). This Court agrees with the analysis of those courts that rejects a distinction between compulsory and permissive counterclaims for purposes

3

of determining supplemental jurisdiction and agrees "that the Sixth Circuit is likely to join its sister circuits on this issue." *Id.*

Here, even assuming that the counterclaims are indeed permissive, there is a sufficient loose factual connection between Pyatt's claims and Sentek's counterclaims to warrant the exercise of supplemental jurisdiction. In the informative *Swartwout* case, for example, the plaintiff's claims required the district court to determine the nature of the plaintiff's employment agreement, which included the compensation arrangement, the accuracy of the plaintiff's accounting for salary and taxes, and whether a W–2 report was willfully fraudulent. The counterclaim also arose from the plaintiff's employment and required the district court to determine the scope of the plaintiff's authority as an employee, the accuracy of his accounting practices, and the question whether he converted his employer's money or property to his personal use. The *Swartwout* court concluded that the claim and counterclaim arose "from a common nucleus of operative fact" so as to satisfy "the broad supplemental jurisdiction test of section 1367(a)." *Id.*

Similarly, in the instant case, Pyatt's claims require this Court to determine the nature of his employment agreement, especially his compensation arrangement, while Sentek's counterclaims require the Court to determine the scope of Pyatt's authority as an employee and the question of whether he converted his employer's money to his personal use. All of the claims arise out of the employer-employee relationship and, importantly, will involve often overlapping or intertwined analysis of when and where Pyatt worked (which informs the issue of the use of his company credit card) and analysis of how he was compensated (which also informs the use of the credit card issue). This is enough to support the exercise of supplemental jurisdiction. *See Frisby v. Keith D. Weiner & Assoc. Co., LPA*, 669 F. Supp.2d 863, 872 (N.D.

Ohio 2009).  Although Pyatt questions several of the details of how the factual development may play out in an effort to demonstrate that the issues do not overlap, this Court declines to parse the pleadings in such a way so as to decide these issues without the benefit of knowing what is actually involved in this case.  In other words, the pleadings on their face support supplemental jurisdiction, even if the facts and evidence that may eventually come before this Court may not.

### III.     Conclusion

The Court **DENIES** Pyatt's motion to dismiss.  (ECF No. 7.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE